Foster, J. (dissenting).
I would affirm the judgment of the Appellate Division in this case. It is clear to me, at least, that the transaction in Cuba was simply the purchase and sale of a foreign draft, and whatever may have been the oral negotiations they were merged in the written draft. To say that the draft was merely evidence of some other agreement, or the means by which such agreement was to be carried out, would complicate the law of commercial instruments beyond calculation. The holder of any foreign draft could readily make such a plea or argument.
Beyond this the very essence of the Appellate Division’s decision is contained in this language: “ The drawer of a draft does not contract to pay at the place on which the draft is drawn but only guarantees acceptance and payment at that place, and engages only, in default of payment, to reimburse the holder at the place where the draft was made ” (16 A D 2d 347, 350-351).
This language follows almost verbatim the language of this court in Amsinck v. Rogers (189 N. Y. 252, 257): “ The drawer *42 of such a bill does not contract to pay the money in the foreign place on which it is drawn, but only guarantees its acceptance and payment in that place by the drawee, and agrees, in default of such payment, upon due notice, to reimburse the holder in principal and damages at the place where he entered into the contract.”
In Swift & Co. v. Bankers Trust Co. (280 N. Y. 135, 144), this court readopted this rule stated in the Amsinck case, and wiped out any distinction between checks and bills of exchange, or to put it more accurately recognized that the distinction had been wiped out by statute. It also distinguished the case of Hibernia Nat. Bank v. Lacombe (84 N. Y. 367, 376).
I take it that the foregoing principles apply irrespective of the manner in which a bill of exchange is dishonored. At least I can find np case to the contrary, or any case in which an affirmative act on the part of the drawer leads to a distinction in the application of these principles.
Chief" Judge Desmond and Judges Dye, Froessel and Burke concur in Per Curiam opinion; Judge Ftjld dissents, in part, in an opinion; Judge Foster dissents in a separate opinion in which Judge Van Voorhis concurs.
Judgment reversed, etc.